### THE STATE v. DAVIS.

1. **Criminal Law**: FALSE PRETENCES: EVIDENCE. The *State v. Montgomery, ante*, 195, followed. Error in the admission of immaterial evidence held to be cured by its prompt exclusion from the jury.

*Appeal from Wapello District Court.*

THURSDAY, JUNE 9.

THE defendant, Thomas Davis, was convicted of the crime of obtaining money under false pretences of one Frizzell. Judgment having been rendered upon the verdict he appeals.

*Morris J. Williams*, for appellant.

*Smith McPherson, Attorney General*, for the State.

ADAMS, CH. J.—The defendant was indicted jointly with one H. A. Montgomery. The questions presented are for the most part the same as those presented in the case of the *State v. Montgomery*, decided at the present term, *ante*, 195. The defendant, however, presents two additional questions upon the admission of evidence. Before proceeding to the consideration of them we will state that for a proper understanding of the case reference should be had to the case of the *State v. Montgomery*, where a portion of the indictment and the leading facts are set out.

In the case at bar, however, one McGrew was examined as a witness. He testified that he was a banker; that Montgomery came into the bank; that he asked him what he wanted; that Montgomery had no particular business, but finally bought a revenue stamp. The witness then testified against the defendant's objection that there was something about Montgomery that attracted his attention.

It appears to us that this testimony was immaterial, but we are not able to say that it was prejudicial.

One Robinson, the officer who arrested Montgomery and Davis, was examined as a witness, and was allowed to testify, against the objection of the defendant, that he searched Montgomery and found skeleton keys upon him. Immediately, however, upon further objection being interposed, the court excluded the testimony from the jury.

It is clear that the evidence should not have been admitted, but the prompt exclusion of the evidence we think cured the error. In our opinion the case was fairly tried and the judgment must be

AFFIRMED.